PEOPLE v LEAL

1. CRIMINAL LAW—SENTENCING—CONSECUTIVE SENTENCES.

A sentencing court may not impose consecutive sentences in the absence of statutory authority.

2. CRIMINAL LAW—SENTENCING—SUBSEQUENT FELONIES—CONSECUTIVE SENTENCES—STATUTES.

Statutory authority provides that a defendant who has been charged with a felony and pending the disposition of the charge commits a subsequent offense which is a felony, upon conviction or acceptance of a guilty plea of the subsequent offense, may be subject to consecutive sentences for the two felonies; however, a case is no longer "pending the disposition of the charge" within the meaning of the statute where the defendant's plea of guilty to the first charge has been accepted and the defendant has been sentenced to probation, and a sentence for violation of that probation cannot be imposed to run consecutively with the sentence for the subsequent felony (MCLA 768.7b; MSA 28.1030[2]).

Appeal from Recorders Court of Detroit, Robert L. Evans, J. Submitted July 6, 1976, at Detroit. (Docket No. 24506.) Decided September 27, 1976. Leave to appeal denied, 399 Mich 821.

Jesus Leal was convicted, on his plea of guilty, of possession of marijuana with intent to deliver and placed on probation. Probation was subsequently revoked and defendant sentenced to prison. Defendant appeals. Affirmed with modification of sentence.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 547–551.

Attorney, Research, Training and Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*Ronald G. Acho,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and N. J. KAUFMAN and R. H. CAMPBELL,* JJ.

R. H. CAMPBELL, J. On July 24, 1973, defendant pled guilty to unlawful possession of marijuana with intent to deliver, MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c), and he was placed on probation for one year. While on probation, defendant pled guilty to attempted possession of heroin, MCLA 750.92; MSA 28.287, and was sentenced to one to two years in prison.

As a result of his second plea of guilty, defendant was charged with violating his probation. He was adjudged guilty and was sentenced to one to four years in prison, this second sentence commencing at the completion of his first prison term. On appeal, defendant challenges the imposition of the consecutive sentence.

Absent statutory authority, the sentencing court may not impose consecutive sentences. *In re Carey,* 372 Mich 378; 126 NW2d 727 (1964), *In re Allison,* 322 Mich 491; 33 NW2d 917 (1948). The people contend that the trial court acted under MCLA 768.7b; MSA 28.1030(2), which provides:

"Sec. 7b. When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction or acceptance of a guilty plea of the subse-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

quent offense, the sentences imposed for conviction of the prior charged offense and any subsequent offense, may run consecutively."

As the defendant was granted probation, the trial court retained the authority to sentence the defendant to prison. MCLA 771.1; MSA 28.1131. However, the people argue that since the defendant was placed on probation the case was still pending within the meaning of MCLA 768.7b; MSA 28.1030(2).

We disagree. This Court has held this section includes not only those on bond but also covers those who commit a felony prior to the acceptance of the jury verdict by the trial court. *People v Sanders,* 58 Mich App 512; 228 NW2d 439 (1975). Prior to the acceptance of the verdict, the prosecution was uncompleted. In the instant case the plea had been accepted and the proceeding had been completed. The defendant had been sentenced, albeit to probation, but the case was no longer "pending the disposition of the charge". The prosecution had been terminated by the defendant's plea of guilty and the sentence had been rendered. Plainly, there was no charge awaiting disposition when the defendant pled guilty to the second charge.

The trial court could not impose consecutive sentences under the guise of MCLA 768.7b; MSA 28.1030(2). No other authority has been asserted to support the action of the sentencing judge. Therefore, it is ordered that the sentence for violation of probation should run concurrently with the sentence for attempted possession of heroin with appropriate credit for time served.

Affirmed, except as to modification of the sentence.