PEOPLE v MAYES

1. CRIMINAL LAW—SENTENCING—CONSECUTIVE SENTENCES—FELONIES
—STATUTES.

The sentences imposed on a defendant for conviction of a prior charged offense and a subsequent offense may run consecutively where the defendant is charged with a felony and pending the disposition of the charge commits a subsequent offense, which is also a felony (MCLA 768.7b; MSA 28.1030[2]).

2. CRIMINAL LAW—CONSECUTIVE SENTENCES—PURPOSE OF STATUTE—
FELONIES—STATUTES.

The purpose of the statute authorizing consecutive sentences for the commission of a felony by a person charged with a felony is to deter persons accused of one crime from committing other crimes by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed (MCLA 768.7b; MSA 28.1030[2]).

3. CRIMINAL LAW—PENDING CHARGES—CONSECUTIVE SENTENCES—FE-
LONIES.

A charge is no longer pending, for purposes of the statute authorizing consecutive sentences for the commission of a felony by a person charged with a felony, once the defendant has been sentenced; conversely, the charge should be deemed pending until sentencing in order to achieve the deterrent effect obviously intended by the Legislature.

4. COURTS—COMMON PLEAS COURT—AUTHORITY OF COURT—SEARCH
WARRANTS.

A judge of the Detroit Common Pleas Court has the authority to issue a search warrant for premises within the City of Detroit.

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 21 Am Jur 2d, Criminal Law §§ 546, 547.
[2] 21 Am Jur 2d, Criminal Law §§ 547–551.
[4] 46 Am Jur 2d, Judges §§ 24, 81.
[5] 68 Am Jur 2d, Searches and Seizures §§ 107, 112, 113.
[6] 5 Am Jur 2d, Appeal and Error § 881.
[7] 30 Am Jur 2d, Evidence § 1135.

5. CRIMINAL LAW—EVIDENCE—SEARCHES AND SEIZURES—WEAPONS—RES GESTAE—SEARCH WARRANTS.

Evidence of the possession of weapons by the occupants of the premises searched may properly be admitted as part of the res gestae of the execution of a search warrant in a trial for possession of heroin with intent to deliver.

6. APPEAL AND ERROR—WITNESSES—CRIMINAL LAW—UNRESPONSIVE ANSWERS—PROSECUTORS.

A witness's unresponsive answers to a prosecutor's questioning generally cannot be the basis for reversible error.

7. CRIMINAL LAW—JURY INSTRUCTIONS—CIRCUMSTANTIAL EVIDENCE—DIRECT EVIDENCE.

A trial judge may refuse to give a requested jury instruction on circumstantial evidence where the prosecution's case was premised solely on direct, not circumstantial, evidence.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted June 10, 1977, at Detroit. (Docket No. 26073.) Decided September 21, 1977.

Allen D. Mayes was convicted of possession of heroin with intent to deliver. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Cornelius Pitts,* for defendant.

Before: J. H. GILLIS, P. J., and BRONSON and R. E. ROBINSON,* JJ.

PER CURIAM. Defendant was convicted of possession of heroin with intent to deliver. MCLA

---

* Circuit judge, sitting on the Court of Appeals by assignment.

335.341(1)(a); MSA 18.1070(41)(1)(a). He appeals as of right, raising several issues.

The most difficult issue raised by defendant involves his sentence of 12 to 20 years, which was made consecutive to a Federal sentence. Defendant was convicted in Federal court on September 10, 1974. He was sentenced in that case on November 21, 1974. The crime for which he was convicted in the instant case occurred on October 16, 1974.

The statute on which the trial court relied in imposing the consecutive sentence, MCLA 768.7b; MSA 28.1030(2), provides:

> "When a person, who has been charged with a felony and *pending the disposition of the charge,* commits a subsequent offense which is a felony, upon conviction or acceptance of a guilty plea of the subsequent offense, the sentences imposed for conviction of the prior charged offense and any subsequent offense, may run consecutively." (Emphasis added.)

The problem we face is what is meant by "pending the disposition of the charge" in this statute.

In *People v Sanders,* 58 Mich App 512; 228 NW2d 439 (1975), the Court held that an action is still "pending" for purposes of MCLA 768.7b; MSA 28.1030(2), during the polling of the jury. However, in so holding, the Court did not try to define the outer parameter of a "pending" action, it simply held that an action was pending when the jury was being polled.

*People v Leal,* 71 Mich App 319; 248 NW2d 252 (1976), held that a charge was no longer pending once the defendant had been sentenced.[1]

---

[1] The defendant in *Leal* had been sentenced to probation. He pleaded guilty to attempted possession of heroin during the probationary period. This Court held that the sentence for violating probation could not be made consecutive to the sentence for attempted possession, as the original charge was no longer "pending" when the attempted possession crime was committed.

The rationale of the statute authorizing consecutive sentencing was explained in *People v Bonner,* 49 Mich App 153, 158; 211 NW2d 542 (1973):

"The purpose of the statute is to deter persons accused of one crime from committing others by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed. Such a purpose is laudable, rational and the statute reasonably tends to achieve that purpose." (Citation omitted.)

If consecutive sentences were not allowed, a defendant in a pending action would have the security of knowing that the sentence for a second felony committed will run concurrently with the sentence imposed for the first felony. The sentence for the second felony would be minimized. Thus, the Legislature passed MCLA 768.7b; MSA 28.1030(2) to deter charged persons from committing a second felony by *removing* the security that the sentence must run concurrently with the first. In order to achieve the deterrent effect obviously intended by the Legislature, we will construe this statute liberally under existing case law.

*People v Leal, supra,* held that a charge is no longer "pending" for purposes of this statute *after* sentencing. Conversely, a charge should be deemed pending *until* sentencing in order to effectuate the intent of the Legislature.[2]

We need not decide the farthest reach of MCLA 768.7b; MSA 28.1030(2) here. In the instant case, the second felony was committed before sentencing on the first charge. It was therefore committed "pending disposition of that charge". The consecu-

---

[2] By analogy, a Sixth Amendment "criminal prosecution" continues at least until sentencing. *See Mempa v Rhay,* 389 US 128; 88 S Ct 254; 19 L Ed 2d 336 (1967). If "pending disposition of a charge" is equivalent to "during a criminal prosecution", the statute would certainly apply to felonies committed before sentencing.

tive sentence imposed by the trial judge was proper.

The evidence against defendant in this case was obtained in a search of premises located in the City of Detroit at which defendant and several others were present pursuant to a search warrant signed by a judge of the Detroit Common Pleas Court. Defendant contends that Recorder's Court has exclusive jurisdiction to issue such warrants under MCLA 726.11; MSA 27.3561, and that the search was therefore illegal. This precise issue was decided by this Court in *People v Moss,* 68 Mich App 614; 244 NW2d 1 (1976). Detroit Common Pleas judges may issue search warrants for premises within the City of Detroit.

Defendant raises several other alleged defects with the search warrant. First, he contends that the reliability and credibility of an undisclosed informant, upon whose information the warrant was issued, was not adequately established. This contention is meritless. The affidavit states that the informant had given reliable information in the past and that he personally observed the heroin at the subject premises. Credibility and reliability were adequately established. *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969), *People v Davis,* 72 Mich App 21; 248 NW2d 690 (1976). Second, the police complied with MCLA 780.656; MSA 28.1259(6) in executing the warrant. The corroborated testimony of one officer established that he yelled, "Police officers. I have a search warrant. Open the door". As the police were refused admittance after announcing their authority and purpose, they could properly break into the house to execute the search warrant. Third, there is no evidence that the information in the warrant was stale. The affidavit recites that it

had been "just received" on the day the warrant was issued. Finally, there was no need for the warrant to be approved by a prosecutor. MCLA 764.1; MSA 28.860 applies only to arrest warrants.

Defendant contends that the trial court erred by allowing evidence of possession of weapons by the occupants of the premises searched. This evidence was properly admitted as part of the res gestae of the execution of the search warrant. See *People v Kayne,* 268 Mich 186; 255 NW 758 (1934), *People v Jones,* 64 Mich App 659; 236 NW2d 531 (1975), *People v Andrews #1,* 52 Mich App 719; 218 NW2d 379 (1974), *modified,* 392 Mich 775 (1974).

Defendant argues that the trial judge's comments during trial "pierced the veil of judicial impartiality". We have examined the record in this case closely and find no evidence of partiality. See *People v McIntosh,* 62 Mich App 422; 234 NW2d 157 (1975), *People v Rogers,* 60 Mich App 652; 233 NW2d 8 (1975).

Defendant claims error in three instances where witnesses volunteered information that was not responsive to the prosecutor's questioning. Generally, unresponsive answers cannot be the basis of reversible error. *People v Swann,* 44 Mich App 329; 205 NW2d 281 (1973). The three instances complained of do not amount to reversible error.

Finally, contrary to defendant's contention, it was not error for the trial judge to refuse to give a requested instruction on circumstantial evidence. The prosecution's case was premised solely on direct, not circumstantial, evidence. *Cf. People v Davenport,* 39 Mich App 252; 197 NW2d 521 (1972).

Defendant's other assignments of error are without merit.

Affirmed.