PEOPLE v GLENN JONES

Docket No. 77-1835. Submitted December 19, 1977, at Detroit.—Decided April 4, 1978.

Glenn L. Jones was charged in Macomb County with the felony of attempting to take possession and drive away the automobile of another. While the charge was pending and defendant was out on bond, he was charged in Detroit with the felony of aiding in the concealment of stolen property over the value of $100. Defendant pled guilty on January 6, 1977, to the stolen property charge in Recorder's Court of Detroit, Justin Ravitz, Jr., and on March 2, 1977, was sentenced to a prison term of two to five years. On January 27, 1977, the defendant pled guilty in Macomb County Circuit Court, Robert J. Chrzanowski, J., to a misdemeanor charge of attempted unlawful use of an automobile and on March 3, 1977, was given a one-year term in the county jail, to be served consecutively with the other sentence. The defendant appeals. *Held:*

The consecutive sentence statute is a specific statutory exception to the general rule that concurrent sentences are the norm. However, the consecutive sentence statute cannot be applied where the defendant (a) was *charged* with a felony, (b) was charged and convicted of a second felony while the first charge was pending, but (c) *not convicted* of the first felony since it was dismissed pursuant to a plea bargain whereby the defendant pled guilty to a misdemeanor, because consecutive sentencing is only appropriate when a defendant is convicted of the prior charged felony.

Reversed, and remanded for resentencing.

BASHARA, P. J., dissented:

The fact that a prior felony charge is disposed of by the acceptance of a plea of guilty to a misdemeanor should be immaterial to the application of the consecutive sentencing act.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 21 Am Jur 2d, Criminal Law §§ 546–549.
Sentences by different courts as concurrent. 57 ALR2d 1410.

Opinion of the Court

1. Criminal Law—Sentencing—Concurrent Sentences—Consecu-
    tive Sentencing Act—Statutes.

Generally, concurrent sentences are the norm and consecutive
sentencing is not to be used except when specifically authorized
by statute; the consecutive sentencing act is a specific statutory
exception to the general rule and allows a trial court to impose
consecutive sentences in appropriate circumstances (MCLA
768.7b; MSA 28.1030[2]).

2. Criminal Law—Sentencing—Consecutive Sentencing Act—Fe-
    lonies—Misdemeanor—Statutes.

The consecutive sentencing act allows a trial court to impose a
consecutive sentence where a defendant had been charged with
a felony and while that charge was pending the defendant was
charged with another felony and was convicted of the second
felony and subsequent to that conviction was convicted on the
first felony charge; but consecutive sentencing should apply
only where the defendant is convicted of the prior charged
felony, therefore, where a defendant on the prior charged
felony pled guilty to a misdemeanor, the consecutive sentencing
act was inapplicable (MCLA 768.7b; MSA 28.1030[2]).

Dissent by Bashara, P. J.

3. Criminal Law—Sentencing—Consecutive Sentencing Act—Fe-
    lonies—Plea of Guilty—Misdemeanors—Statutes.

*The salient circumstances invoking the application of the consec-
utive sentencing statute are: (1) the commission of a felony, (2)
while a previous felony charge is pending disposition; the fact
that a felony charge is disposed of by the acceptance of a plea
of guilty to a misdemeanor should be immaterial (MCLA
768.7b; MSA 28.1030[2]).*

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *George N. Parris,*
Prosecuting Attorney, and *Don L. Milbourn,* Chief
Appellate Lawyer, for the people.

*Robert Pagano,* for defendant on appeal.

Before: Bashara, P. J., and Beasley and D. E.
Holbrook, Jr., JJ.

D. E. Holbrook, Jr., J. This case involves an

interpretation of the consecutive sentence statute, MCLA 768.7b; MSA 28.1030(2). That statute provides:

"Sec. 7b. When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction or acceptance of a guilty plea of the subsequent offense, the sentences imposed for conviction of the prior charged offense and any subsequent offense, may run consecutively."

This appeal stems from the imposition of consecutive sentences based on two plea-based convictions of the defendant.

Defendant was initially charged in Macomb County with the felony of attempting to take possession and drive away the automobile of another. MCLA 750.92; MSA 28.287, MCLA 750.413; MSA 28.645. While the charge was pending and defendant was out on bond, he was arrested and charged in Detroit with the felony of aiding in the concealment of stolen property over the value of $100. MCLA 750.535; MSA 28.803.

On January 6, 1977, defendant pled guilty to the stolen property charge in Recorder's Court in Detroit and was sentenced on March 2, 1977.

On January 27, 1977, in Macomb County Circuit Court the defendant pled guilty to the misdemeanor charge of attempted unlawful use of an automobile, MCLA 750.92; MSA 28.287, MCLA 750.414; MSA 28.646, in return for the dismissal of the felony charge of attempting to take possession and drive away the automobile of another. MCLA 750.92; MSA 28.287, MCLA 750.413; MSA 28.645. Defendant was sentenced in Macomb County Circuit Court on March 3, 1977. In imposing sentence on defendant's latter misdemeanor conviction, the

circuit judge noted the earlier Recorder's Court conviction and sentence and concluded the defendant's sentences could and would run consecutively pursuant to MCLA 768.7b; MSA 28.1030(2). We disagree.

In general, concurrent sentences are the norm and consecutive sentencing is not to be used except when specifically authorized by statute. *In re Carey,* 372 Mich 378, 380; 126 NW2d 727 (1964), *People v Leal,* 71 Mich App 319, 320; 248 NW2d 252 (1976), *lv den,* 399 Mich 821 (1977). It is clear that MCLA 768.7b;MSA 28.1030(2), is a specific statutory exception to the general rule and allows a trial court to impose consecutive sentences in appropriate circumstances. The purpose of the statute is deterrence—to provide an extra dose of punishment for those who commit a second felony while an earlier felony charge is pending. *People v Bonner,* 49 Mich App 153, 158; 211 NW2d 542 (1973), *People v Mayes,* 78 Mich App 618; 261 NW2d 22 (1977). We have no quarrel with the intent and validity of the statute but we conclude the statute cannot be applied in defendant's case.

In the instant case: a) defendant was *charged* with a felony, b) was charged and convicted of a second felony while the first charge was pending, but c) was *not convicted* of the first felony since it was dismissed pursuant to a plea bargain whereby defendant pled guilty to a *misdemeanor.* A close reading of MCLA 768.7b; MSA 28.1030(2) leads us to conclude that consecutive sentencing is only appropriate when a defendant is *convicted of the prior charged felony.*

"Sec. 7b. When a person, who has been *charged with a felony* and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction or acceptance of a guilty plea of the subse-

quent offense, the sentences imposed for *conviction of the prior charged offense* and any subsequent offense, may run consecutively." (Emphasis supplied.)

Conviction of the "prior charged offense"—the felony—is a prerequisite for imposing consecutive sentences. Here the defendant was convicted of a misdemeanor and not the prior charged felony.

The prosecutor focuses on the deterrence purpose of the statute and argues that all the statute requires is that a second felony be committed when an earlier felony charge is pending. This interpretation not only ignores the statutory language requiring conviction of the charged offense but would violate an accused's right to a presumption of innocence. The prosecutor's analysis would equate being "charged" with being "convicted". The statute allows consecutive sentencing only upon conviction of two or more felonies.

Defendant raises one other issue related to his sentencing but we find it to be without merit.

Reversed and remanded to Macomb County Circuit Court for resentencing. The defendant's sentences shall run concurrently.

BEASLEY, J., concurred.

BASHARA, P. J. *(dissenting)*. I respectfully disagree with the majority opinion. While it recognizes and approves the Legislature's intent as articulated in *People v Bonner,* 49 Mich App 153; 211 NW2d 542 (1973), it would appear to circumvent that intent by an over-technical interpretation.

The salient circumstances invoking application of the statute are:

1) The commission of a felony;

2) While a previous felony charge is pending disposition.

The fact that a prior felony charge is disposed of by the acceptance of a plea to a misdemeanor should be immaterial. To conclude otherwise,not only ignores the legislative intent but is oblivious to the practicalities of the administration of criminal justice, which requires that many criminal cases be concluded by the acceptance of a plea to a lesser offense.

I would affirm the conviction.