PEOPLE v HENRY

Docket Nos. 48096, 48097. Submitted October 15, 1980, at Detroit.—
Decided July 8, 1981.

On June 12, 1979, a warrant was issued charging William E.
Henry with larceny from the person. A second warrant, charg-
ing Henry with breaking and entering a business place with
intent to commit larceny therein, was issued on July 15, 1979.
Defendant was arraigned on both warrants on July 15, 1979.
The breaking and entering allegedly occurred earlier on that
same day. Pursuant to a plea bargain, defendant pled guilty in
Detroit Recorder's Court to attempted larceny from the person
and attempted breaking and entering. He was sentenced to
consecutive prison terms, Joseph A. Gillis, J. Defendant ap-
peals, contending that the sentences should run concurrently
rather than consecutively. *Held:*

Consecutive sentences should not be imposed except when
specifically authorized by statute. Imposition of consecutive
sentences is permitted pursuant to statute where a person is
charged with committing a felony and, pending the disposition
of the charge, commits a subsequent felony other than a major
controlled substance offense. Upon conviction for the two
charges, consecutive sentences may be imposed. The purpose of
the statute which allows consecutive sentencing is to deter
persons accused of one crime from committing others by remov-
ing the security of concurrent sentences. The word "pending",
within the meaning of the statute, contemplates an element of
notice. Therefore, a defendant must not only be charged with a
felony, but must be apprehended on a warrant before disposi-
tion of the charge can be considered "pending" for purposes of
the consecutive sentences statute.

Remanded for resentencing.

1. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES.

A sentencing court may not impose consecutive sentences in the
absence of statutory authority.

REFERENCES FOR POINTS IN HEADNOTES
[1-6] 21 Am Jur 2d (Rev), Criminal Law § 552.
[2] 73 Am Jur 2d, Statutes §§ 293-306.

2. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — STATUTES.

The consecutive sentences statute should be liberally construed in order to achieve the deterrent effect intended by the Legislature (MCL 768.7b; MSA 28.1030[2]).

3. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — STATUTES.

The consecutive sentences statute is typically applicable where a criminal defendant has been apprehended and is then released on bond, or is otherwise at large, and subsequently commits another felony (MCL 768.7b; MSA 28.1030[2]).

4. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — STATUTES.

A defendant who is on probation for a felony conviction and commits another felony may not be sentenced to consecutive sentences because the first felony conviction is no longer pending as required by the consecutive sentences statute (MCL 768.7b; MSA 28.1030[2]).

5. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — STATUTES.

The purpose of the consecutive sentences statute is to deter persons accused of one felony from committing other felonies by removing the security that the sentence for the second offense must run concurrently with the first (MCL 768.7b; MSA 28.1030[2]).

6. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCES — STATUTES.

A defendant must be apprehended on a warrant before disposition of the charge can be considered to be "pending" within the meaning of the consecutive sentences statute (MCL 768.7b; MSA 28.1030[2]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Steven Rabinovitz,* for defendant on appeal.

Before: BRONSON, P.J., and D. E. HOLBROOK, JR., and R. M. RANSOM,* JJ.

R. M. RANSOM, J. On June 12, 1979, a warrant was issued charging defendant with larceny from the person. MCL 750.357; MSA 28.589. On July 15, 1979, a second warrant was issued charging defendant with breaking and entering a business place with intent to commit larceny therein. MCL 750.110; MSA 28.305. Defendant was arraigned on both warrants on July 15, 1979. It was alleged that the breaking and entering also took place on July 15, 1979. Pursuant to a plea bargain agreement defendant pled guilty to attempted larceny from the person and attempted breaking and entering. MCL 750.92; MSA 28.287. Defendant was sentenced to prison terms of two years to five years in each case, the sentences to run consecutively. Defendant appeals, contesting the imposition of consecutive sentences.

MCL 768.7b; MSA 28.1030(2) provides in pertinent part as follows:

"When a person, who has been *charged with a felony and pending the disposition of the charge,* commits a subsequent offense which is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere for the subsequent offense, the following shall apply:
"(a) The sentences imposed for conviction of the prior charged offense and subsequent offense, other than a major controlled substance offense, may run consecutively." (Emphasis added.)

Defendant argues that consecutive sentences could not be imposed since, at the time the second crime was committed (July 15, 1979), there was no

---

* Circuit judge, sitting on the Court of Appeals by assignment.

case pending against him. The prosecutor argues that the outstanding warrant commenced criminal proceedings against defendant and, therefore, there was a case "pending" against defendant when the second offense was committed.

It has previously been held that concurrent sentences are the norm and consecutive sentencing is not to be used except when specifically authorized by statute. *In re Carey,* 372 Mich 378; 126 NW2d 727 (1964), *People v Leal,* 71 Mich App 319; 248 NW2d 252 (1976), *lv den* 399 Mich 821 (1977), *People v Glenn Jones,* 82 Mich App 403; 266 NW2d 824 (1978), *People v West,* 100 Mich App 498; 299 NW2d 59 (1980). MCL 768.7b; MSA 28.1030(2) is such a statutory authorization. *People v Glenn Jones, supra.* This Court has also indicated that said statute should be liberally construed in order to achieve the deterrent effect intended by the Legislature. *People v Mayes,* 78 Mich App 618, 621; 261 NW2d 22 (1977). This statute is typically applicable where a criminal defendant has been apprehended and is then released on bond, or otherwise at large, and subsequently commits another felony. See *People v Daniels,* 69 Mich App 345; 244 NW2d 472 (1976).

The question presented by this appeal concerns when a defendant can be considered charged and the disposition of his case "pending".

This Court first interpreted "pending" in terms which suggested that the statute only related to those released on bond.

"Defendant concedes that the Legislature may differentiate, as it has by the above statute, two classes of persons; those who have committed subsequent felonies *while on bond* and those who have not, and provide for different punishments between those classes. We think that is a wise concession. The purpose of the statute is

to deter persons accused of one crime from committing others by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed. Such a purpose is laudable, rational and the statute reasonably tends to achieve that purpose." *People v Bonner,* 49 Mich App 153, 158; 211 NW2d 542 (1973). (Emphasis added.)

Subsequently, this Court ruled that the statute is not just applicable to those who commit crimes while on bond. The disposition of a criminal case was determined to be pending where the polling of the jury was in process and before the verdict was accepted when the subsequent offense occurred. *People v Sanders,* 58 Mich App 512; 228 NW2d 439 (1975), *lv den* 397 Mich 851 (1976). Thus, a defendant out on probation who commits another felony does not come within the ambit of the statute since the first felony prosecution is not still pending. *People v Leal, supra.* However, both the *Sanders* and *Leal* opinions concerned the *last* point in time when the first felony prosecution could still be considered "pending" against defendant. In the case at bar, we are concerned with the *first* point in time that the case could be considered pending.

It is relevant to consider the purpose behind the statute in question. As previously cited in *People v Bonner, supra,* the purpose of the statute is to "deter persons accused of one crime from committing others by removing the security of concurrent sentences". The statute's purpose has been further explained as follows:

"If consecutive sentences were not allowed, a defendant in a pending action would have the security of knowing that the sentence for a second felony committed will run concurrently with the sentence imposed for the first felony. The sentence for the second felony would be minimized. Thus, the Legislature passed MCL

768.7b; MSA 28.1030(2) to deter charged persons from committing a second felony by *removing* the security that the sentence must run concurrently with the first." (Emphasis in original.) *People v Mayes, supra,* 621.

In considering this statutory purpose, we find the defendant's first case could not be considered pending when he committed the second offense. Even though a warrant had been issued, defendant was not aware that his previous criminal activity was the subject of a criminal prosecution. The Legislature's choice of the language "when a person, who has been charged with a felony *and* pending the disposition of the charge * * *" (emphasis added) implied more than the issuance of a warrant; an element of notice exists. We, therefore, conclude that defendant must be apprehended on the warrant before disposition of the charge can be considered pending within the meaning of MCL 768.7b; MSA 28.1030(2).

The prosecutor urges this Court to liberally construe the statute to maximize its deterrent effect. Laudable as that end might be, the statute must be interpreted to give the intended deterrent effect, not the maximum deterrent effect. *People v Williams,* 89 Mich App 633; 280 NW2d 617 (1979), *lv den* 406 Mich 995 (1979). In *Williams,* this Court interpreted MCL 768.7b; MSA 28.1030(2) as extending no further than the deterrent purpose behind the statute would warrant:

"The intended effect of § 7b can best be seen by analyzing the deterrence situation that exists before and after a felony has been charged. In general, once a criminal defendant has been charged with a felony, the level of deterrence against his commission of a second felony drops. Section 7b restores the level of deterrence to its pre-charge plateau. It does not, however, raise the level of deterrence above that plateau.

"When a person has committed a felony for which he has not yet been charged, he has the security, under *In re Carey, supra,* of knowing that the sentence for any subsequent felony will run concurrently with the sentence for his first crime. The primary deterrent against his commission of a second felony at that point is the risk of being 'caught'. The further risk of receiving an additional concurrent sentence is minimal. Logically, the risk of another consecutive sentence would heighten the deterrence against his commission of the second felony. For countervailing reasons, nevertheless, the *Carey* Court chose not to impose that added risk, except in legislatively proscribed situations." *People v Williams, supra,* 637.

Since defendant here was not in the position to know of the charges made against him, the deterrence from committing another offense is lodged in the probability of getting caught, not within the application of § 7b. A liberal construction of the statute does not lead to a contrary result when the statute is interpreted in light of its intended purpose. No statutory authorization for the imposition of consecutive sentences having been found, defendant's sentences must run concurrently.

Remanded for resentencing.