PEOPLE v JEFFREY THOMPSON

Docket No. 57929. Submitted March 18, 1982, at Detroit.—Decided
June 10, 1982. Leave to appeal applied for.

Jeffrey L. Thompson was charged in St. Clair Circuit Court with
the burning of personal property with a value of more than
$50, a four-year felony. Defendant pled guilty to a reduced
charge of attempted arson of personal property over $50, result-
ing in a misdemeanor conviction, and was sentenced to 16 to 24
months imprisonment. Four days after defendant pled guilty to
the misdemeanor, but prior to his being sentenced, defendant
was charged with breaking and entering. Defendant plead
guilty to a reduced charge of attempted breaking and entering
and was sentenced to serve from 3 years and 4 months to 5
years in prison, to be served consecutively to the sentence
imposed for the attempted arson of personal property over $50
conviction, James T. Corden, J. Defendant appeals. *Held:*

1. Defendant was not denied effective assistance of counsel
because the sentencing judge held an *ex parte* presentence
conference with defendant's probation officer without defense
counsel being present. No information not contained in the
presentence report was presented to the trial court at the
conference nor did defendant suffer prejudice as a result of the
conference.

2. The trial court's imposition of a consecutive sentence was
proper. Disposition of the original felony charge against defen-
dant was still pending for purposes of the consecutive sentenc-
ing statute until he was sentenced on his plea of guilty to a
misdemeanor on the original felony charge.

Affirmed.

1. CRIMINAL LAW — PRESENTENCE CONFERENCES — RIGHT TO COUN-
SEL.

A presentence conference between a sentencing judge and a
defendant's probation officer is not improper and the defendant
is not denied effective assistance of counsel because his counsel
was not present at the conference unless the sentencing judge
is given information about the defendant which is not equally
available to the defendant's counsel and the defendant is
prejudiced thereby.

2. CRIMINAL LAW — SENTENCING — CONCURRENT SENTENCES — CON-
SECUTIVE SENTENCING ACT.

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 527.
  21A Am Jur 2d, Criminal Law § 972.
[2-5] 21 Am Jur 2d, Criminal Law § 552.
[4] 73 Am Jur 2d, Statutes §§ 300, 303.

Generally, concurrent sentences are the norm and consecutive sentencing is not to be used except when specifically authorized by statute; the consecutive sentencing act is a specific statutory exception to the general rule and allows a trial court to impose consecutive sentences in appropriate circumstances (MCL 768.7b; MSA 28.1030[2]).

3. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCING ACT.
The purpose of the consecutive sentencing act is to deter persons accused of one crime from committing others by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed (MCL 768.7b; MSA 28.1030[2]).

4. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCING ACT.
The consecutive sentencing statute should be construed liberally to achieve the deterrent effect intended by the Legislature (MCL 768.7b; MSA 28.1030[2]).

5. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCING ACT.
The consecutive sentencing act applies where a felony is committed by a defendant while a previous felony charge against him is awaiting disposition; the fact that the underlying felony charge is disposed of by the court's accepting a guilty plea to a misdemeanor charge does not forestall the operation of the consecutive sentencing act (MCL 768.7b; MSA 28.1030[2]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *C. Denton Wolf,* Chief Appellate Attorney, for the people.

*R. Steven Whalen,* Assistant State Appellate Defender, for defendant on appeal.

Before: J. H. GILLIS, P.J., and V. J. BRENNAN and N. J. LAMBROS,* JJ.

PER CURIAM. Defendant appeals his plea-based conviction of attempted breaking and entering, MCL 750.110; MSA 28.305, MCL 750.92; MSA 28.287.

Following his plea, defendant was sentenced to serve from three years and four months to five years in prison. This sentence was to run consecu-

tively to a sentence of from 16 to 24 months defendant was already serving as a result of a plea-based conviction of attempted setting fire to personal property over $50, MCL 750.77; MSA 28.272. This latter conviction is a misdemeanor conviction.[1]

Defendant's initial contention is that he should be resentenced because he was denied the effective assistance of counsel when the trial judge and the probation officer met to discuss the officer's sentence recommendation outside the presence of defendant's attorney.

Defendant relies on *People v Oliver,* 90 Mich App 144; 282 NW2d 262 (1979), *rev'd on other grounds* 407 Mich 857 (1979), where the Court granted resentencing after having determined that the trial court had obtained, through a conference between the trial court and the probation officer, information about a defendant not equally available to defendant's counsel, and on *People v Black,* 103 Mich App 109, 115; 302 NW2d 612 (1981), where a panel of this Court concluded that a criminal defendant is presumed to have been denied the effective assistance of counsel where the trial court has communicated with the probation officer *ex parte* regardless of whether the trial judge actually received any information not contained in the presentence report through this conference or not.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Wilfully and maliciously setting fire to personal property over $50 in value, MCL 750.77; MSA 28.272, is a felony for which punishment is not fixed by the statute. In such a case, the maximum punishment on conviction is four years. MCL 750.503; MSA 28.771.

When pleading guilty to an attempt crime, a defendant is guilty of a misdemeanor where punishment for the underlying offense is for a term less than five years. MCL 750.92(3); MSA 28.287(3).

It follows that defendant was convicted of a misdemeanor in the instant case in that his plea was to an attempt of a crime punishable by a maximum term of four years in prison.

We are not persuaded by defendant's argument. First of all, we note with approval Judge GILLIS's partial dissent in *Black, supra,* 116, to the effect that such communication between the trial judge and a probation officer would only be improper if it were prejudicial to defendant.

We are of the opinion that the better rule has been provided in *People v Beal,* 104 Mich App 159; 304 NW2d 513 (1981), where the Court rejected the contention that *Oliver* establishes a prophylactic rule prohibiting in-chambers conversations between the sentencing judge and the probation officer outside the presence of defense counsel. In *Beal,* the Court concluded that *Oliver* should be limited to prohibiting any presentence conference at which the sentencing judge is given "information about a defendant, not equally available to the defendant's counsel * * *". 104 Mich App 159, 167.

In the instant case, no information not contained in the presentence report was presented to the trial court at the conference in question nor did defendant suffer prejudice as a result of the conference. We therefore hold that the conference did not deny defendant effective assistance of counsel.

Defendant further argues that the trial court erred in imposing sentence for the instant offense to run consecutively to that imposed for defendant's earlier plea-based conviction of attempted burning of personal property. We disagree.

In general, concurrent sentences are the norm and consecutive sentencing is not to be employed except when specifically authorized by statute. *In re Carey,* 372 Mich 378, 380; 126 NW2d 727 (1964), *People v Leal,* 71 Mich App 319, 320; 248 NW2d 252 (1976), *lv den* 399 Mich 821 (1977), *People v*

*Glenn Jones,* 82 Mich App 403, 406; 266 NW2d 824 (1978). A specific statutory exception to the general rule which allows a trial court to impose consecutive sentences in appropriate circumstances is provided by MCL 768.7b; MSA 28.1030(2).[2] *Id.* The purpose of the statute is to deter persons accused of one crime from committing others by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed. *People v Bonner,* 49 Mich App 153, 158; 211 NW2d 542 (1973), *People v Mayes,* 78 Mich App 618; 261 NW2d 22 (1977), *People v Glenn Jones, supra.*

This Court has determined that the statute should be construed liberally to achieve the deterrent effect intended by the Legislature. *People v Mayes, supra, People v Williams,* 89 Mich App 633, 635; 280 NW2d 617 (1979), *lv den* 406 Mich 995 (1979).

In light of this, we find that the trial court's after his guilty plea to a misdemeanor on the imposition of consecutive sentences on defendant was proper. Disposition of the original felony charge against defendant was still pending for purposes of the statute until he was sentenced on his plea of guilty to a misdemeanor on the original felony charge. Such a finding is consistent with the purpose of the statute and the recognized deterrent effect intended for it by the Legislature. It is worthy of note that in the instant case defendant

---

[2] "Sec. 7b. When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction * * * of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere for the subsequent offense, the following shall apply:

"(a) The sentences imposed for conviction of the prior charged offense and a subsequent offense, other than a major controlled substance offense, may run consecutively.

"(b) The sentences imposed for conviction of the prior charged offense and a subsequent offense which is a major controlled substance offense shall run consecutively."

was charged with a second felony just four days original felony charge.[3] Removal of the possibility of consecutive sentences prior to sentencing on the plea eliminates the operation of any deterrent effect during that period.

We further find that defendant's plea to a misdemeanor on the original felony charge does not insulate defendant from operation of the statute. We are aided in reaching this conclusion by the reasoning advanced in the dissent in *People v Glenn Jones, supra.* The dissent in *Jones* rejected the majority holding that a "close reading" of the statute indicated that consecutive sentencing is only appropriate where the defendant is convicted of the prior charged felony. Such an interpretation, the dissent concluded and we agree, circumvented the intent of the Legislature by an over-technical interpretation. 82 Mich App 403, 407.

We are convinced that a liberal construction of the statute, see *People v Mayes, supra, People v Williams, supra,* requires a holding that a plea of guilty to a misdemeanor to the underlying felony offense does not forestall operation of the consecutive sentencing statute. The plea to a misdemeanor arises from the charged felony and is "of the prior charged offense" for purposes of the statute. Applied in this manner, the statute provides that measure of deterrence intended by the Legislature.

Affirmed.

---

[3] Defendant was charged with arson of personal property over $50, MCL 750.74; MSA 28.269. The date of the offense was August 30, 1980. On September 29, 1980, he pled guilty to the misdemeanor offense of attempted arson of personal property over $50, MCL 750.92; MSA 28.287. He was sentenced on this conviction on November 17, 1980. On October 3, 1980, while defendant was awaiting sentencing on the attempted arson conviction, he committed the breaking and entering offense which is the subject of this appeal. Defendant pled guilty to attempted breaking and entering, MCL 750.110; MSA 28.305, MCL 750.92; MSA 28.287, on January 26, 1981, and was sentenced to 16 to 24 months imprisonment on March 23, 1981. Accordingly, the disposition of the first felony charge was still pending at the time defendant committed the subsequent felony.