PEOPLE v BELLAMY

Docket No. 63462. Submitted November 18, 1982, at Detroit.—Decided February 24, 1983. Leave to appeal applied for.

On December 8, 1975, Johnny Lee Bellamy was convicted on his plea of guilty in Recorder's Court of Detroit of attempted unarmed robbery. Sentencing was scheduled for January 5, 1976, but defendant failed to appear for sentencing. On January 18, 1979, defendant was sentenced in Macomb Circuit Court on an unrelated charge of breaking and entering and remained in custody under that sentence until shortly before his January 11, 1982, sentencing in Recorder's Court on the 1975 conviction. Michael J. Talbot, J., sentenced defendant to two and one-half to five years with credit for 28 days spent in jail. Defendant appeals, asserting that he should have been given credit for the time served under the Macomb County Circuit Court's 1979 sentence. *Held:*

Defendant was entitled to credit for the time served pursuant to the 1979 sentence.

Reversed.

CYNAR, J., dissented. He would hold that the defendant is not entitled to credit for the time served pursuant to the Macomb County sentence, since that sentence was for a crime committed while the Recorder's Court case was still pending, *i.e.,* before sentencing. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — CREDIT FOR TIME SERVED.

A defendant is entitled to credit for time served in prison for another crime where the conviction, the sentencing, and the serving of the sentence occurs between the date of the present conviction and the date that the sentence for the present conviction is imposed, since the statute providing for credit for time served is remedial and should be liberally construed to

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 548.

Right to credit for time spent in custody prior to trial or sentence. 77 ALR3d 182.

effectuate the salutary purposes of that statute (MCL 769.11b; MSA 28.1083[2]).

DISSENT BY CYNAR, J.

2. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCING — CREDIT FOR TIME SERVED.

*The statute providing for sentence credit for time served should not be applied in such a fashion as to defeat the intent of the consecutive sentence statute (MCL 768.7b, 769.11b; MSA 28.1030[2], 28.1083[2]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and R. B. BURNS and CYNAR, JJ.

R. B. BURNS, J. Defendant was charged with robbery unarmed, MCL 750.530; 28.798. The alleged offense occurred November 23, 1975. He pled guilty to attempted robbery unarmed, MCL 750.92; MSA 28.287, on December 8, 1975. The court set January 5, 1976, for sentencing.

Since December 8, 1975, the defendant has been incarcerated on other charges, and he was not sentenced on this conviction until January 11, 1982. At the time of sentencing the trial judge stated:

"You pled guilty to attempt robbery not armed. That carries a maximum of five, as you know. We had an updated pre-sentence report that initially had been prepared in April, '79, or April—yes, initially back in '76. Then up-dated in '79 when I believe it was Macomb

County sentenced you, but they didn't—they failed to notify us of your presence or we could have done the whole thing then.

"Then you have escape status on your hands. I don't know that they'll do with you on that. You kind of walked away from a halfway house."

The judge sentenced defendant to a term of two to five years in prison and gave him credit for 28 days spent in the county jail.

On appeal, defendant claims that he is entitled to credit for time served since April 18, 1979, when he was sentenced by the Macomb County Circuit Court.

We agree with the defendant that he should have credit in this case for time served under the Macomb County sentence. MCL 769.11b; MSA 28.1083(2); *People v Parisi,* 46 Mich App 322; 208 NW2d 70 (1973), *rev'd on other grounds* 393 Mich 31; 222 NW2d 757 (1974).

Defendant is to receive credit in this case back to April 18, 1979.

Reversed.

M. F. Cavanagh, P.J., concurred.

Cynar, J. *(dissenting).* Defendant committed a second offense, the Macomb County offense, while the Detroit case was still pending, *i.e.,* before sentencing. See MCL 768.7b; MSA 28.1030(2); *People v Mayes,* 78 Mich App 618, 620-622; 261 NW2d 22 (1977). See, also, *People v Jeffrey Thompson,* 117 Mich App 210, 213-215; 323 NW2d 656 (1982). I would affirm because to credit here is to give defendant a free crime.