PEOPLE v HACKER

Docket No. 65933. Submitted January 21, 1983, at Detroit.—Decided August 2, 1983. Leave to appeal applied for.

Russell Hacker was convicted on his plea of guilty of breaking and entering with intent to commit larceny, Presque Isle Circuit Court, Robert R. Ferguson, J. The trial court delayed sentencing on that charge for one year. Within that one year period, defendant was charged with and pled guilty to another breaking and entering and reckless driving. Subsequent to the acts giving rise to the second breaking and entering and reckless driving charges defendant was sentenced to one year in the county jail on the first breaking and entering conviction. Thereafter, defendant was placed on three years probation with the first 280 days to be served in the county jail on the second breaking and entering and was sentenced to 90 days in jail on the reckless driving conviction. The court ordered that, because the two subsequent charges arose out of acts committed while disposition was pending on the first charge, the sentence on the subsequent felony should run consecutively to the sentence on the first charge. Defendant appeals. *Held:*

The first charge was still pending within the meaning of the consecutive sentencing act at the time the acts giving rise to the subsequent charges were committed, since the delaying of sentencing as to the first charge in no way terminated those proceedings. The provisions of the consecutive sentencing act therefore were applicable.

Affirmed.

R. M. Maher, J., dissented. He would hold that the consecutive sentencing statute is not applicable as to any subsequent felony committed after the trial judge has delayed sentencing pursuant to statute. He would hold that the trial judge could not order that the sentence as to the second breaking and entering be consecutive to the sentence for the first breaking and entering and would remand for resentencing.

References for Points in Headnotes
[1, 2, 4, 5] 21 Am Jur 2d, Criminal Law §§ 526, 551 *et seq.*
[3] 21 Am Jur 2d, Criminal Law § 552.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — DELAYED SENTENCES — CONSECU-
TIVE SENTENCING ACT.

A criminal charge is deemed to be pending for the purpose of the
consecutive sentence act until the defendant is sentenced; a
defendant is deemed to have been sentenced when placed on
probation, deferred sentencing is not equivalent to being placed
on probation, and any felony committed during the period that
sentencing on the first charge is deferred is deemed to have
been committed while the first felony charge is still pending
and thus subjects the defendant to the provisions of the consec-
utive sentence act (MCL 768.7b; MSA 28.1030[2]).

2. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCING ACT.

The purpose of the statutory provision allowing consecutive sen-
tences where a second felony is committed during the pendency
of a prior felony charge is to deter such crimes by removing the
security which the defendant might feel knowing that the
sentence on the second felony would run concurrently with the
sentence on the first felony; such deterrent effect would be
abrogated by holding that the statutory provision for consecu-
tive sentences does not apply where there has been a delayed
sentence (MCL 768.7b; MSA 28.1030[2]).

DISSENT BY R. M. MAHER, J.

3. CRIMINAL LAW — SENTENCING — CONCURRENT SENTENCES — CON-
SECUTIVE SENTENCING ACT.

*Concurrent sentences are the norm and consecutive sentencing is
not to be used except when specifically authorized by statute;
the consecutive sentencing act is a specific statutory exception
to the general rule and allows a trial court to impose consecu-
tive sentences in appropriate circumstances (MCL 768.7b; MSA
28.1030[2]).*

4. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCING ACT.

*The purpose of the consecutive sentencing act is to deter persons
accused of one felony from committing other felonies by remov-
ing the security of concurrent sentences should conviction
result on any or all of the felonies committed (MCL 768.7b;
MSA 28.1030[2]).*

5. CRIMINAL LAW — SENTENCING — CONSECUTIVE SENTENCING ACT.

*The consecutive sentencing act is designed to replace the deter-
rent against committing any further felony removed by Michi-
gan's concurrent sentencing policy; where the deterrent against*

*committing a subsequent felony is otherwise provided, however, the consecutive sentencing act should not be applied to provide an additional deterrent (MCL 768.7b; MSA 28.1030[2]).*

6. Criminal Law — Sentencing — Delayed Sentences — Consecutive Sentencing Act.

   *The provisions of the consecutive sentencing act do not apply where the second felony is committed while under a delayed sentence for the first felony (MCL 768.7b; MSA 28.1030[2]).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Donald J. McLennan,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

*State Appellate Defender* (by *Sheila N. Robertson),* for defendant.

Before: T. M. Burns, P.J., and R. M. Maher and Hood, JJ.

Per Curiam. The pertinent facts are set forth in Judge Maher's dissent and will not be repeated here.

Defendant's argument on appeal is that his delayed sentencing pursuant to MCL 771.1(2); MSA 28.1131(2) was tantamount to being placed on probation. Therefore, defendant asserts, his first breaking and entering conviction was no longer pending within the meaning of the consecutive sentencing proviso, MCL 768.7b; MSA 28.1030(2), when he committed the second breaking and entering.

In *People v Mayes,* 78 Mich App 618, 621; 261 NW2d 22 (1977), this Court held that a charge is deemed pending within the meaning of MCL 768.7b; MSA 28.1030(2) until a defendant is sentenced. In *People v Leal,* 71 Mich App 319, 321; 248 NW2d 252 (1976), *lv den* 399 Mich 821 (1977), this Court held that a defendant is sentenced

when placed on probation. Once placed on probation, the disposition of that case is no longer pending.

Deferred sentencing pursuant to MCL 771.1; MSA 28.1131 is not equivalent to being placed on probation. In *People v Saylor,* 88 Mich App 270, 275; 276 NW2d 885 (1979), this Court said that a delayed sentence means no sentence is initially imposed even though the trial court may impose conditions upon the defendant. See also *People v Clyne,* 36 Mich App 152, 155; 193 NW2d 399 (1971). The imposition of those conditions is not construed as tantamount to placing the defendant on probation. *Clyne, supra.* Therefore, defendant was not yet sentenced for his first breaking and entering conviction when he committed the second offense; disposition of his first case was pending.

Because defendant's first B & E charge was still pending, the consecutive sentencing proviso clearly applies. The language of the statute is mandatory; once a defendant commits a subsequent felony offense when a felony charge is pending, the consecutive sentencing option "shall" apply. Whether that option is imposed as a condition of the sentence for the second or subsequent felony conviction is discretionary with the trial court.

Not only is the language of MCL 768.7b; MSA 28.1030(2) clear and mandatory, but, unlike Judge MAHER, we find that § 7b does not impose additional deterrents in this case. While a defendant given delayed sentencing has an incentive to stay on the right side of the law, that incentive cannot be equated with the deterrence intended by § 7b. The purposes of the two statutes at issue, as indicated in the dissenting opinion, are not the same. A defendant given a delayed sentence still faces a possible maximum term for his or her

conviction dependent upon many conditions, only one of which is that of avoiding a subsequent felony charge.

Should the dissent's rationale be applied to defendants given delayed sentences, this Court would be interpreting § 7b in a manner that would abrogate the statute's intended deterrent effect rather than liberally construing it. See *Mayes, supra,* p 621. The defendant would again have the security of knowing that, if convicted of the second felony, the sentence on the second conviction would run concurrently with the first sentence. See *People v Henry,* 107 Mich App 632; 309 NW2d 922 (1981).

For the foregoing reasons, we affirm.

R. M. MAHER, J. *(dissenting).* This case involves the propriety of imposing consecutive sentences. On March 9, 1981, defendant pled guilty to breaking and entering a building with the intent to commit larceny therein, MCL 750.110; MSA 28.305. On April 13, 1981, the court delayed sentencing for one year. The following August 21st, the defendant committed another offense of breaking and entering. He also committed the offense of reckless driving, MCL 257.626; MSA 9.2326, on that same date. On September 14, 1981, the court sentenced the defendant to one year in the county jail for the March 9, 1981, conviction. On March 22, 1982, the defendant pled guilty to the breaking and entering and reckless driving charges. Subsequently, the defendant was sentenced to three years probation, the first 280 days to be spent in the county jail, for the breaking and entering conviction and 90 days in the county jail for the reckless driving conviction. The court ordered the defendant to serve the sentence for the breaking and entering conviction consecutively to the one year sentence he had received on September 14,

1981. Appealing by right, the defendant claims that the court was without authority to impose a consecutive sentence.

In Michigan, concurrent sentences are the norm and consecutive sentences are not to be imposed unless specifically authorized by statute. *People v Jeffrey Thompson,* 117 Mich App 210; 323 NW2d 656 (1982). MCL 768.7b; MSA 28.1030(2) authorizes consecutive sentences "[w]hen a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony". The purpose of the statute was explained in *People v Bonner,* 49 Mich App 153, 158; 211 NW2d 542 (1973):

"The purpose of the statute is to deter persons accused of one crime from committing others by removing the security of concurrent sentences should conviction result on any or all of the crimes so committed."

Thus, the statute is designed to replace the deterrent against committing further crimes removed by Michigan's concurrent sentencing policy. Where the deterrent against committing subsequent crimes is otherwise provided, however, the statute should not be applied to provide an additional deterrent. See *People v Williams,* 89 Mich App 633, 637-638; 280 NW2d 617 (1979), *lv den* 406 Mich 995 (1979).

In at least two cases, this Court has construed the statute to allow the imposition of consecutive sentences upon a defendant who committed a felony after he was convicted on a prior felony charge but before he was sentenced on that conviction. *People v Mayes,* 78 Mich App 618; 261 NW2d 22 (1977); *People v Jeffrey Thompson, supra.* Although the defendant in the present case committed his second breaking and entering between his

conviction on the earlier breaking and entering charge and final sentencing on that conviction, I believe that to interpret the statute to permit the imposition of consecutive sentences in this case would not produce the intended deterrent effect. Defendant committed his second breaking and entering after the court had delayed sentencing for one year on the earlier conviction. The purpose of delaying sentencing is to give the defendant "an opportunity to prove to the court his eligibility for probation or other leniency compatible with the ends of justice and the rehabilitation of the defendant". MCL 771.1(2); MSA 28.1131(2). A defendant whose sentencing has been delayed is under the watchful eye of the court. The defendant's behavior during that period will have a great impact on the ultimate sentencing and the commission of an offense will weigh heavily against leniency. A defendant whose sentencing has been delayed will be aware of these facts and will have incentive to stay on the right side of the law. Thus, the distinct possibility of a stiffer sentence on his first conviction acts to deter a defendant whose sentencing has been delayed from future criminal activity. There is no need to impose the *additional* deterrent of consecutive sentencing.

I recognize that to construe the statute to permit consecutive sentencing on the facts of this case would maximize the deterrent effect of the statute. Nevertheless, "the statute must be interpreted to give the *intended* deterrent effect, not the maximum deterrent effect". (Emphasis supplied.) *People v Henry,* 107 Mich App 632, 637; 309 NW2d 922 (1981). The intended deterrent effect of the statute is to restore the deterrent removed by this state's policy of concurrent sentencing. *People v Mayes, supra,* p 621. Where that deterrence is accom-

plished by other means—here, the potential for a harsher sentence on the earlier conviction—imposing consecutive sentences does not produce the intended deterrent effect. I decline to construe the statute to produce such a result.

I would hold that the lower court was without authority to impose a consecutive sentence for the second breaking and entering conviction. I would remand the case for resentencing.