# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
June 15, 2017

v

ADAM MICHAEL KIRCHEN,

Defendant-Appellant.

No. 332150
Eaton Circuit Court
LC No. 15-020311-FH

Before: O'BRIEN, P.J., and HOEKSTRA and BOONSTRA, JJ.

PER CURIAM.

Defendant, Adam Michael Kirchen, pleaded guilty to two counts of larceny in a building, MCL 750.360, and was sentenced as a fourth-offense habitual offender, MCL 769.12, to 46 months to 15 years in prison on each count. Notably, the trial court ordered that defendant's sentences in this case were to be served consecutive to a 5-to-20-year sentence that he was already serving for unarmed robbery in another county because he was on bond at the time he committed the instant offenses. This Court originally denied defendant's application for leave to appeal, *People v Kirchen*, unpublished order of the Court of Appeals, entered May 5, 2016 (Docket No. 332150), but our Supreme Court, in lieu of granting his application for leave to appeal, remanded this matter to this Court for consideration as on leave granted, *People v Kirchen*, 500 Mich 879; 886 NW2d 627 (2016). For the reasons set forth below, we affirm defendant's convictions and prison sentences but remand this matter to correct the amount of the restitution award.

On appeal, defendant first argues that the trial court erred in concluding that he was on bond at the time he committed the instant offenses. "It is well settled in Michigan that in the absence of statutory authority the imposition of consecutive sentences is forbidden." *People v Chambers*, 430 Mich 217, 222; 421 NW2d 903 (1988). "[W]hen a statute grants a trial court discretion to impose a consecutive sentence, the trial court's decision to do so is reviewed for an abuse of discretion, i.e., whether the trial court's decision was outside the range of reasonable and principled outcomes." *People v Norfleet*, 317 Mich App 649, 654; ___ NW2d ___ (2016).

In this case, the trial court relied on MCL 768.7b to impose consecutive sentences, which "authorizes consecutive sentencing where a defendant commits a felony while free on bond for a prior felony charge." *Chambers*, 430 Mich at 218. "The purpose of [MCL 768.7b] is to deter persons accused of one crime from committing others by removing the security of concurrent

-1-

sentences should the conviction result on any or all of the crimes so committed." *People v Thompson*, 117 Mich App 210, 214; 323 NW2d 656 (1982). The issue before this Court is whether the trial court abused its discretion by concluding that defendant was "on bond" at the time he committed the instant offenses. We conclude that it did not.

Defendant's convictions in this case arise out of the theft of several artifacts from a museum in Charlotte, Michigan. It is undisputed that defendant was on bond as of May 29, 2015. Museum personnel reported the stolen items to law enforcement on June 9, 2015. Defendant was charged with and pleaded guilty to two counts of larceny in a building based on the theft of those artifacts. According to the information, the theft took place "on or about May 1, 2015, through June 9, 2015," and, at his plea hearing, defendant stated that he stole the artifacts at issue "[d]uring the middle of May[.]" Defendant now argues that, based on his statement at the plea hearing, i.e., that he stole the artifacts "[d]uring the middle of May," he could not have committed the instant offenses while on bond. We disagree.

Stated simply, defendant's statement at the plea hearing is the only thing that supports his position. As the trial court recognized at sentencing, defendant pleaded guilty to committing the crimes at issue between May 1, 2015, and June 9, 2015, and that timeframe obviously includes the time period between when he was released on bond and when the theft was discovered, i.e., from May 29, 2015, to June 9, 2015. Additionally, according to the museum's manager, the museum was left unlocked overnight on June 7, 2015, and the theft was discovered shortly thereafter, on June 9, 2015. Furthermore, it appears from the record that defendant sold or attempted to sell the stolen artifacts during the month of June, not May. This evidence largely supports a conclusion that the instant offenses were committed on the night of June 7, 2015, or the morning of June 8, 2015, not "[d]uring the middle of May" as defendant claimed. In fact, defendant's attorney expressly admitted that defendant did not know the exact dates that the crimes were committed. Based on this, we conclude the trial court's decision did not fall outside the range of reasonable and principled outcomes.

On appeal, defendant also argues that the trial court's restitution award must be reduced to reflect the fact that law enforcement had recovered one of the stolen items, a bayonet. While the prosecution correctly notes that it was not entirely clear whether the bayonet had been recovered at the time the restitution award was calculated, it nevertheless concedes that the restitution award must be corrected as defendant claims. We therefore remand this matter for the limited purpose of correcting the restitution award to reflect the recovery of the bayonet. In all other respects, however, we affirm the judgment of sentence.

Affirmed but remanded. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Joel P. Hoekstra
/s/ Mark T. Boonstra