PEOPLE v GEMILL

Docket No. 43688. Submitted December 4, 1979, at Lansing.—Decided
January 23, 1980.

Dorothy J. Gemill was convicted, on her plea of guilty, of larceny
in a building, Midland Circuit Court, David S. DeWitt, J. She
was sentenced to a prison term of from 3 years to 4 years, to be
served consecutively to an earlier sentence she received in
Presque Isle County. Defendant appeals, alleging that because
the Midland offense was not committed at a time when the
disposition of the Presque Isle charge was pending the consecu-
tive sentence is invalid. She also alleges that the sentence of 3
to 4 years violates the rule against a minimum sentence of
more than two-thirds of the maximum. *Held:*

1. The second offense was committed after the defendant had
been sentenced in Presque Isle County for the earlier offense,
but before she had begun serving that sentence. Therefore, the
second offense was not committed while the disposition of the
first charge was pending, and the statute permitting consecu-
tive sentences does not apply.

2. The sentence of 3 years to 4 years does violate the rule
against a minimum sentence of more than two-thirds of the
maximum.

The sentence is modified to a term of 32 months to 4 years,
and is to be served concurrently with the Presque Isle Circuit
Court sentence.

CRIMINAL LAW — SENTENCING — SUBSEQUENT OFFENSES — STATUTES.

An offense committed by a defendant, who has been sentenced for
an earlier offense but who has not yet surrendered to authori-
ties to begin serving that sentence, is not committed "pending
the disposition of" the earlier charge and is therefore not
subject to the statute which allows consecutive sentences; the
sentences for the two offenses must, therefore, run concurrently
(MCL 768.7b; MSA 28.1030[2]).

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 547.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Doyle A. Rowland,* Prosecuting Attorney, and *David A. Potts,* Chief Assistant Prosecuting Attorney, for the people.

*Janet Tooley,* Assistant State Appellate Defender, for defendant on appeal.

Before: DANHOF, C.J., and BEASLEY and CYNAR, JJ.

BEASLEY, J. Defendant, Dorothy Jean Gemill, also known as Dorothy Jean Dzuiba, pled guilty to larceny in a building on November 17, 1978, in Midland County. Subsequently, on December 8, 1978, defendant was sentenced to not less than three years nor more than four years in prison, said sentence to be consecutive to a sentence imposed upon her in Presque Isle County of not less than 1-1/2 nor more than 10 years. Defendant appeals as of right.

The record indicates that on June 12, 1978, in Presque Isle County, defendant was convicted by a jury of larceny by false pretenses and, on July 12, 1978, she was sentenced to not less than 1-1/2 years nor more than 10 years in prison. The trial judge continued her bond for two days and permitted her to surrender herself to the sheriff for serving of her sentence two days after sentence was imposed. Defendant did not appear to serve the Presque Isle sentence.

The record indicates that the Midland County offense to which she has here pled guilty occurred some time between August 28 and September 27 of 1978. The Midland County plea was the result of a plea bargain in which the prosecution agreed to drop another charge of forgery concerning a non-sufficient funds check in the amount of $23.35 and

not to file an habitual offender supplemental information. On appeal, defendant claims that the sentence imposed upon her in Midland County is invalid, asserting that a sentence may only be consecutively imposed where there is explicit statutory authorization. Defendant claims that the only relevant Michigan statute in this case is MCL 768.7b; MSA 28.1030(2), which provides:

"When a person, who has been charged with a felony and pending the disposition of the charge, commits a subsequent offense which is a felony, upon conviction of the subsequent offense or acceptance of a plea of guilty, guilty but mentally ill, or nolo contendere for the subsequent offense, the following shall apply:

"(a) The sentences imposed for conviction of the prior charged offense and a subsequent offense, other than a major controlled substance offense, may run consecutively.

"(b) The sentences imposed for conviction of the prior charged offense and a subsequent offense which is a major controlled substance offense shall run consecutively."

We agree with defendant that the subsequent offense, that is, the Midland County offense, was not committed "pending the disposition of the charge" as required under the statute which permits consecutive sentences.[1]

Therefore, we hold that the Midland County sentence must run concurrently with the Presque Isle County sentence.

Defendant also claims that the sentence of not less than three years nor more than four years in prison violates the rule of *People v Tanner*.[2]

---

[1] *People v Leal,* 71 Mich App 319; 248 NW2d 252 (1976), *In re Carey,* 372 Mich 378; 126 NW2d 727 (1964), *People v Sanders,* 58 Mich App 512, 517-518; 228 NW2d 439 (1975).

[2] 387 Mich 683; 199 NW2d 202 (1972).

Consequently, we amend the Midland County sentence imposed upon defendant to not less than 32 months nor more than four years in prison, which sentence, as we have previously indicated, will run concurrently with that imposed in Presque Isle County.